# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA GARYBO and AUSTIN VEGA, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>   v.<br>LEONARDO BROS.,<br><br>        Defendant. | Case No.: 1:15-cv-01487 - DAD JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE<br><br>(Doc. 69) |

Sandra Garybo and Austin Vega were agricultural workers jointly employed by Leonardo Bros. and Golden West Labor in Fresno County. Plaintiffs contend the defendants are liable for violations of wage and hour labor laws and initiated this action on behalf of themselves and all other similarly situated. (Doc. 1) The Court certified a class of farmworkers and appointed Plaintiffs as the class representatives. (Doc. 67)

Because Leonardo Bros. failed to respond to the allegations in the complaint, Plaintiffs now seek default judgment against the company. (Doc. 69) For the following reasons, the Court recommends Plaintiffs' motion for default judgment be **DENIED** without prejudice.

## I.    Background and Procedural History

Plaintiffs were employed as farmworkers in 2014 and 2015, during which time they worked at vineyards owned or operated by Leonardo Bros. (*See* Doc. 1 at 4-5; Doc. 74 at 5) Plaintiffs assert their employers failed to comply with federal and state labor laws and sought to hold them liable for

1

the following: (1) violation of the Agricultural Workers Protection Act, 29 U.S.C. § 1801, *et seq*.; (2) failure to pay minimum wage under Cal. Labor Code §§ 510, 1194, 1194.2, 1197 and Wage Orders 8, 13, 14; (3) failure to pay overtime wages under Cal. Labor Code §§ 510, 1194, 1194.2, and Wage Orders 8, 13, 14; (4) failure to provide timely and complete rest periods or additional wages in lieu thereof under Cal. Labor Code §§ 226.7, 512 and Wage Orders 8, 13, 14; (5) failure to timely pay wages due under Cal. Labor Code §§ 201, 202, 203; (6) knowing and intentional failure to comply with itemized employee wage statement provisions under Cal. Labor Code §§ 226(B), 1174, 1175; (7) violation of Unfair Competition Law under Cal. Bus. & Prof. Code §§ 17200, *et seq*.; and (8) violation of the Private Attorneys General Act under Cal. Labor Code §§ 2698, *et seq*. (*See* Doc. 1 at 1, 13-26)

Golden West Labor filed its answer to the complaint on March 3, 2016. (Doc. 16) Plaintiffs and Golden West Labor engaged in discovery, after which they notified the Court of a settlement agreement on February 16, 2018. (Doc. 49) The parties stipulated to the dismissal of the claims against Golden West Labor pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Doc. 52) Therefore, the action was closed as to Golden West Labor, and the entity was terminated as a defendant. (Doc. 54)

Leonardo Bros. was also served with the complaint but did not file an answer or otherwise respond within the time frame prescribed by the Federal Rules of Civil Procedure. Upon the request of Plaintiffs, the clerk of court entered default against Leonardo Bros. on March 29, 2016. (Docs. 21, 22) Plaintiffs sought class certification under Rule 23 of the Federal Rules of Civil Procedure, seeking to certify a class of workers who were denied paid rest breaks. (*See* Doc. 59)

On May 31, 2019, the Court granted Plaintiffs' motion for class certification. (Doc. 67) In doing so, the Court noted Plaintiffs asserted "eighty-three non-exempt agricultural workers did not receive separate compensation for rest breaks, or rest break premiums, from Leonardo Bros. after working at least one shift greater than 3.5 hours during the 2015 harvest season. (*Id.* at 6) Further, the Court observed: "Expert analysis of the timekeeping and payroll data produced by Golden West Labor establishes that prospective class members, including the named plaintiffs, worked 305 piece-rate shifts that were 3.5 hours or greater with no separate compensation for rest breaks or rest break premiums." (*Id.* at 7) Finding the requirements for Rule 23 were satisfied, the Court certified an

"Unpaid Rest Break Class" defined as:

> All non-exempt farmworkers jointly employed by Golden West Labor and Leonardo Bros. who were compensated on a piece-rate basis and worked at least one shift greater than 3.5 hours but did not receive a paid rest break from March 1, 2015 through October 31, 2015.

(Doc. 67 at 13) The Court named Plaintiffs as the class representatives and appointed Mallison & Martinez and Aguilasocho & Lynch, APLC as co-class counsel. (*Id.*)

Following certification of the Unpaid Rest Break Class, Plaintiffs filed a motion for default judgment, as well as attorneys' fees and costs incurred. (Doc. 69) Because Plaintiffs did not submit points and authorities related to the propriety of default judgment, the Court ordered Plaintiffs to file additional briefing in support of their application for default judgment, addressing the factors identified by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). (Doc. 70 at 1) In addition, the Court ordered Plaintiffs to "file evidence related to the costs and attorney fees incurred, to support the requested amounts." (*Id.* at 1-2) Plaintiffs filed additional memoranda and evidence to support their application for default judgment, which is now before the Court. Defendant Leonardo Bros. has neither appeared nor opposed the motion.

## II. Legal Standards Governing Entry of Default Judgment

The Federal Rules of Civil Procedure govern the entry of default judgment. After default is entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment. Fed. R. Civ. P. 55(a)-(b). Upon the entry of default, well-pleaded factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. *Pope v. United States*, 323 U.S. 1, 22 (1944); *see also Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). In addition, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of North Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Entry of default judgment is within the discretion of the Court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal 2002), *accord*

*Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). The Ninth Circuit determined:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As a general rule, the issuance of default judgment is disfavored. *Id.* at 1472.

### III. Plaintiffs' Factual Allegations

The Court accepts Plaintiff's factual assertions as true because default has been entered against Defendant. *See Pope*, 323 U.S. at 22. Plaintiffs allege they were jointly employed by Leonardo Bros. and Golden West Labor as non-exempt employees, "performing agricultural work." (Doc. 1 at 4-5, ¶¶ 13-14) Plaintiffs allege they, and other employees, were paid on a piece-rate basis by Defendants and were not properly compensated for the work performed. (*See id.* at 7, ¶¶ 22-23) Thus, Plaintiffs sought to hold Defendants liable for "unlawful labor policies … that revolve[d] around Defendants' piece rate system of compensation, their meal and rest break practices, and their record-keeping procedures." (*Id.*, ¶ 23)

According to Plaintiffs, Defendants "fail[ed] to compensate for all 'hours worked' (within the meaning of the Wage Orders) and fail[ed] to pay overtime premium wages for work performed in the fields." (Doc. 1 at 7, ¶¶ 23-24) Plaintiffs explain this included:

> regular hours worked that were not compensated at minimum or agreed upon rates, overtime hours worked that were either not compensated, or compensated at rates lower than the applicable overtime premium wage rate and/or without properly calculating the regular rate of pay for purposes of paying overtime, uncompensated or undercompensated time spent on statutory rest breaks, work meetings, and other activities.

(*Id.*, ¶ 24) Thus, Plaintiffs assert they were paid less than minimum wage for all hours worked, in violation of federal and state labor laws. (*See id.* at 12-16)

In addition, Plaintiffs assert the defendants maintained unlawful rest break policies, under which Leonardo Bros. failed to provide its employees: (1) at least two rest breaks for shifts greater than six hours, and/or three rest breaks for shifts exceeding ten hours, (2) ten-minute rest breaks, (3)

4

timely rest breaks, and (4) paid rest breaks. (Doc. 1 at 7, ¶ 25) Instead, Plaintiffs assert Leonardo Bros. "had a policy of discouraging and preventing employees from taking rest breaks." (*Id.*) Plaintiffs also report Leonardo Bros. had a policy "to not pay the premium wages owed to workers for missed, untimely and unpaid rest breaks." (*Id.*)

Further, Plaintiffs contend the defendants "fail[ed] to maintain accurate time-keeping records" and provided their employees with "inaccurate itemized wage statements that [did] not reflect all 'hours worked,' wages earned and applicable pay rates." (Doc. 1 at 7, ¶ 26) According to Plaintiffs, the wage statements were not accurate because they:

a. Falsely understated Plaintiffs' and the Class Members' gross and net wages earned by failing to pay for all hours worked and for premium wages;

b. Falsely understated the total hours worked by Plaintiffs and the Class Members by ignoring the total of hours actually worked;

c. Falsely understated Plaintiffs' and Class Members' "number of hours worked at each hourly rate;" [and]

d. Failed to provide accurate applicable piece rate information[.]

(*Id.* at 21, ¶ 88) Plaintiffs also contend that "[b]y failing to keep adequate time records," Defendants made it difficult to calculate the unpaid rest and meal period compensation due." (*Id.* at 21-22, ¶ 91)

**IV.     Discussion and Analysis**

Applying the factors articulated by the Ninth Circuit in *Eitel*, the Court finds the factors weigh in favor of granting Plaintiffs' motion for default judgment.

**A.     Prejudice to Plaintiffs and the Class**

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and potential prejudice to the plaintiff weighs in favor of granting a default judgment. *See Pepsico, Inc.*, 238 F. Supp. 2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages. *Id.*; *see also Microsoft Corp. v. Nop*, 549 F. Supp.2d 1233, 1236-37 (E.D. Cal. 2008) ("Plaintiff will be prejudiced if default judgment is denied because plaintiff will be without other recourse for recovery"). Because Plaintiffs and the Unpaid Rest Break Class have no other means to recover damages from Leonardo Bros. for the identified labor

violations, the Court finds they would be prejudiced if default judgment is not granted.[1]

### B. Merits of Plaintiffs' claims and the sufficiency of the complaint

Given the kinship of these factors, the Court considers the merits of Plaintiffs' substantive claims and the sufficiency of the complaint together. *See Yelp Inc. v. Catron,* 70 F. Supp. 3d 1082, 1098 (N.D. Cal. 2014) ("For ease of analysis, the merits of Plaintiffs substantive claims and sufficiency of the complaint are considered together"); *see also Premier Pool Mgmt. Corp. v. Lusk*, 2012 WL 15932060, at *5 (E.D. Cal. May 4, 2012). The Ninth Circuit has suggested that, when combined, the factors require a plaintiff to "state a claim on which the plaintiff may recover." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175.

In the application for default judgment, Plaintiffs request damages for the Fourth, Fifth, Sixth, and Ninth[2] Claims for Relief presented in the complaint, including: (1) "failure to provide properly timely paid rest periods or compensation in lieu thereof" in violation of Cal. Labor Code §§ 226.7, 512 and Wages Orders 8, 13, and 14; (2) "failure to timely pay wages due at termination" in violation of Cal. Labor Code §§ 201, 202, and 203; (3) knowing and intentional failure to comply with itemized employee wage statement provisions" in violation of Cal. Labor Code §§ 206(B), 1174, and 1175; and (4) the Private Attorneys General Act, Cal. Labor Code §§ 2698. (*See* Doc. 1 at 17-24 [emphasis omitted]; *see also* Doc. 74 at 8-11) Accordingly, the Court addresses the merits of only these claims related to the motion now pending.

Plaintiffs contend the "class claims for rest periods and derivative violations are adequately pleaded and are meritorious." (Doc. 74 at 7, emphasis omitted)

#### 1. Fourth Claim for Relief: Rest periods

"Plaintiffs allege that they and the class were not provided with separate payment for their ten (10) minute rest periods or paid additional wages in lieu thereof." (Doc. 74 at 8, citing Doc. 1, ¶¶ 68-76) Under Cal. Labor Code § 226.7(b), "No employer shall require any employee to work during any

---

[1] Plaintiffs settled their claims with Golden West Labor and dismissed this employer as a defendant. However, a class had not been certified, and the Unpaid Rest Break Class members had no opportunity to recover damages for the identified wage and hour violations.
[2] In the motion for default judgment, Plaintiffs indicate they seek damages for the "Eighth Claim for Relief." (*See* Doc. 74 at 11) However, the Complaint does not include an "Eighth Claim," as the claims presented are mis-numbered and skip from the Seventh to Ninth Claim. (*See* Doc. 1 at 22-24) Nevertheless, it is clear Plaintiffs seek damages for the *Ninth* Claim for Relief in the Complaint, which arises under the Private Attorneys General Act. (*See* Doc. 74 at 11)

meal or rest period mandated by an applicable order of the Industrial Welfare Commission..." In relevant part, Industrial Welfare Commissioner Wage Order No. 14-2001 provides:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted, as hours worked for which there shall be no deduction from wages.

8 Cal. Code Regs. § 11140. If an employer fails to comply with these provisions, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Labor Code § 226.7(c). Thus, if an "employers forces [an] the employee to miss a required rest break or does not provide the employee with a required rest break, then the employee is entitled to be paid immediately for the missed rest break." *Gomez v. J. Jacobo Farm Labor Contr., Inc.*, 2019 WL 5787805 at *17 (E.D. Cal. Nov. 5, 2019) (citing *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1108 (2007)).

Notably, "[a]though employers are required to 'authorize and permit' rest breaks, employees are not required to take provided rest breaks and employers are not required to force employees to take provided rest breaks." *Gomez*, 2019 WL 5787805, at *17 (citing 8 Cal. Code Regs. § 11140(12); *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1033 (2012)). Employers are not required record rest breaks for the employees. *See id.*; 8 Cal. Code Regs. § 11140(7)(A)(3). However, the failure to record rest breaks may create a rebuttable presumption that employees were not relieved of duty, and that a rest break was not provided. *See Brinker*, 53 Cal. 4th at 1053.

Further, because a piece-rate system "does not directly account for rest periods," California courts have determined that employers are required "to separately compensate employees for rest periods if an employer's compensation plan does not already include a minimum hourly wage for such time." *Vaquero v. Stoneledge Furniture, LLC*, 9 Cal. App. 5th 98, 110 (Cal. Ct. App. 2017); *see also Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864, 870-72 (2013) ("rest periods must be separately compensated in a piece-rate system"); *Reinhardt v. Gemini Motor Transport*, 869 F.Supp.2d 1158, 1168 (E.D. Cal. 2010) (a piece-rate pay system that did not separately pay truck drivers for non-driving duties violated California law requiring compensation for each hour worked). Thus, an employer may

violate California wage and hour law where its employees are paid on a piece-rate basis— even if rest periods are provided— when separate compensation is not paid for the rest period. *See Gomez*, 2019 WL 5787805 at *17; *Vaquero*, 9 Cal. App. 5th at 110.

Plaintiffs alleged Leonardo Bros. "violated the applicable Wage Order and California Labor Code § 226.7 by failing to authorize and permit the appropriate number of rest breaks, failing to provide … ten minute rest breaks, failing to schedule rest breaks timely, failing to authorize and permit paid rest breaks and failing to pay additional rest break wages, and discouraging and preventing employees from taking rest breaks." (Doc. 1 at 18, ¶ 72) Plaintiffs asserted they, and class members, "did not voluntarily or willfully waive rest periods." (*Id.*, ¶ 73) Plaintiffs also alleged Leonardo Bros. "did not permit or authorize Plaintiffs to take proper timely paid rest periods." (*Id.*) Instead, Plaintiffs assert Leonardo Bros. "had a policy of discouraging and preventing employees from taking rest breaks." (*Id.* at 7, ¶ 25)

Consistent with the allegations in the complaint, Sandra Garybo and Agustin Vega submitted declarations in support of their motion for default judgment in which they report "[i]t was the practice of Leonardo Bros. to not permit workers to take 10 minute rest breaks." (Doc. 69-3 at 3, Garybo Decl. ¶ 8; Doc. 79-4 at 3, Vega Decl. ¶ 8) Ms. Garybo and Mr. Vega explicitly state they "did not take 10-minute rest break" during either of their two seasons as employees for Leonardo Bros. (*Id.*) According to Plaintiffs, they were paid on a piece-rate basis and did not receive any separate compensation for rest breaks, which they know because they "would not see separate payment for … rest periods on [the] check stub." (Doc. 69-3 at 2-3, Garybo Decl. ¶¶ 5, 7; Doc. 79-4 at 2-3, Vega Decl. ¶¶ 5, 7) Thus, Plaintiffs have submitted evidence to support the allegations—which the Court presumes as true in evaluating the motion for default judgment—that Leonardo Bros. failed to provide Plaintiffs and Class Members rest breaks in violation of California law.

### 2. Derivative Claims: Wages Due and Itemized Statements

"Causes of action for waiting time and itemized wage statement penalties," which arise under Cal. Labor Code §§ 203 and 226, "generally are referred to as derivative of an employee's right to the wages themselves." *Naranjo v. Spectrum Security Services, Inc.*, 40 Cal. App. 5th 444, 468 (2019). The court explained: "An employee's right to wages accrues at the time work is performed, but '[t]he

right to a penalty … does not vest until someone has taken action to enforce it.'" *Id.* (quoting *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094, 1108 (2007)). Plaintiffs contend Leonardo Bros. is liable for the "derivative violations" of failure to pay wages due and failure to provide complete and accurate wage statements, in violation of California Labor Code §§ 201, 202, 203 and 226. (Doc. 74 at 7, 9-10) (emphasis omitted)

### a. Fifth Cause of Action: Wages due upon termination

Under California law, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Labor Code § 201. In addition, if an employee without a contract for a definite period quits a position, "wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Cal. Lab. Code § 202(a). "If an employer willfully fails to pay, without abatement or reduction, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a).

According to Plaintiffs, "the failure to pay rest period premiums timely upon the separation from employment gives rise to waiting time penalties under section 203. (Doc. 74 at 10) (citing *In re Autozone, Inc.*, 2016 WL 4208200, at *6 (N.D. Cal. Aug. 10, 2016)) Plaintiffs contend because they were not timely compensated for the rest periods, and thus were "not timely paid all wages owed after termination in 2015, they are entitled to waiting time penalties for the 2015 season." (Doc. 74 at 9-10) (citing *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1114 (2007).

### b. Sixth Cause of Action: Itemized wage statements

Section 226 requires employers to keep accurate itemized pay statements, including gross wages, net wages, and the total number of hours worked. Cal. Lab. Code § 226(a)(1), (2), (5). To recover damages, an employee must allege that he or she "suffer[ed] injury as a result of a knowing and intentional failure by an employer to comply…." *Id.* § 226(e)(1); *see also Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1142 (2011). Plaintiffs contend Leonardo Bros. "violated section 226 by failing to

issue wage statements reflecting that Plaintiffs and the class received separately paid rest breaks." (Doc. 74 at 10)

### c. Section 226.7 payments and derivative claims

Recently, this Court observed that when individuals work on a piece-rate basis, they "are not entitled to additional compensation for the foregone breaks." *See Gomez*, 2019 WL 5787805 at *18 (citing *Perez v. Sun Pac. Farming Co-op., Inc.*, 2015 WL 3604165, at *7 (E.D. Cal. June 8, 2015) ["When an employer pays its employees by the piece, however, those employees cannot add to their wage during rest breaks; a break is not for rest if piece-rate work continues"]; *Vaquero v. Stoneledge Furniture LLC*, 9 Cal. App. 5th 98, 111 (2017) ["Indeed, the purpose of a rest period is to rest, not to work"])) Such circumstances—where employees report they worked through rest breaks that were not provided—support a conclusion that payments under Section 226.7 are *penalties* for the failure to provide a rest break.

Significantly, following the filing of the motion now pending before the Court, the California Court of Appeal determined a claim under Section 226.7 does not entitle an aggrieved employee to pursue derivative penalties under Sections 203 and 226. *Naranjo*, 40 Cal. App. 5th at 473. The court also reasoned that payments for failure to provide rest periods are not *wages* owed to employees for time worked, but rather are *penalties* paid by the employer. *Id.* at 473-474. The court acknowledged that in *Murphy*, the court "characterized the remedy for an employer's meal and rest break violation as a premium wage for the purpose of the statute of limitations," but found the legislature did not amend the statutory definition of "wages," and the definition "was not expanded to include the payment of a remedy rather than simply the payment for labor." *Id.* at 473. In addition, the court stated:

> Section 203 penalizes an employer that willfully fails "to pay … any wages" owed to a fired or voluntarily separating employee. The penalty is paid to the employee, not for "labor, work, or service … performed personally by the [employee]" (§ 200, subd. (b)), but for the employer's recalcitrance. Read this way, an employer's failure, however willful, to pay section 226.7 statutory remedies does not trigger section 203's derivative penalty provisions for untimely wage payments.
>
> The result is the same for section 226. Section 226, subdivision (e)(1) entitles an employee to minimum fixed penalties or "actual damages" "not to exceed … $4,000," plus attorney fees if the itemized statement omits gross and net "wages earned." Section 226.7's premium wage is a statutory remedy for an employer's conduct, not an amount "earned" for "labor, work, or service … performed personally by the [employee]." (§ 200, subd. (b).)

> The language in sections 200, 203, and 226 "is clear and unambiguous, … [and there is] nothing for [this] court to interpret or construe." (*MacIsaac*, supra, 134 Cal.App.4th at p. 1083, citations omitted.) Accordingly, we hold that **section 226.7 actions do not entitle employees to pursue the derivative penalties in sections 203 and 226**.

*Naranjo*, 40 Cal.App.5th at 474-74 (modifications in original) (emphasis added). Thus, because Plaintiffs base their Fifth and Sixth Claims for Relief upon the failure to pay penalties under Section 226.7, Plaintiffs fail to show they are entitled to the derivative penalties under Sections 203 and 226.

### 3. Ninth Claim for Relief: PAGA

Plaintiffs assert a claim under the California Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2699 *et seq*. (Doc. 74 at 11) California adopted PAGA to allow individual plaintiffs "to bring a civil action to collect civil penalties for Labor Code violations previously only available in enforcement actions initiated by the State's labor law enforcement agencies." *Caliber Bodyworks v. Superior Court*, 134 Cal. App. 4th 365, 374 (2005); *see also* Cal. Lab. Code § 2699(a); *Urbino v. Orkin Servs. of Cal., Inc*., 726 F.3d 1118, 1121 (9th Cir. 2013). To claim PAGA penalties, a plaintiff must exhaust the administrative procedures set out in Labor Code § 2699.3, which includes giving written notice to the California Labor and Workforce Development Agency and the defendants. *Caliber*, 134 Cal. App. 4th at 375-76; Cal. Lab. Code § 2699.3(a)(1). After the LWDA responds that it will not prosecute the action, or fails to respond to the notice, a plaintiff may file suit. *Id*. § 2699.3(a)(2)(A). A plaintiff "must plead compliance with the pre-filing notice and exhaustion requirements" to state a cognizable claim under PAGA. *See Thomas v. Home Depot USA Inc*., 527 F.Supp.2d 1003, 1007 (N.D. Cal. 2007). Cal. Labor Code § 2699.3 provides in relevant part:

> The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

Cal. Labor Code § 2699.3(a)(1)(A).

In the complaint filed on September 30, 2015, Plaintiffs alleged that "All PAGA administrative requirements will have been met for this purpose prior to service of this complaint." (Doc. 1 at 2, ¶ 2) However, whether the administrative requirements have been satisfied is a legal conclusion and not entitled to the assumption of truth given to factual allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662,

11

678-79 (2009). Plaintiffs alleged no facts regarding when the required notice was submitted to the LWDA or the contents of the notice. Significantly, PAGA claims are limited to the specific theories identified in a prior LWDA notice letter. *Holak v. K Mart Corp.*, 2015 WL 2384895, at *3 (E.D. Cal. May 19, 2015). Thus, the Court must be able to find the Notice was "be specific enough such that the LWDA and the defendant can glean the underlying factual basis for the alleged violations." *Id.* Given the lack of information regarding the date of submission of a Notice to the LWDA or the contents therein, the Court is unable to find Plaintiffs satisfied the administrative requirements of a PAGA claim.[3]

### C. Sum of money at stake

In considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico, Inc.*, 238 F.Supp.2d at 1176. Here, Plaintiffs seek Judgment in the amount of $ $2,576,214.05, including fees and costs. (Doc. 69 at 2, ¶ 4)

Given the amount of money at stake, this factor could weigh against the entry of default judgment. *See, e.g., Vogel v. Rite Aid Corp.,* 992 F.Supp.2d 998, 1012 (C.D. Cal. 2014); *Joe Hand Promotions v. Streshly*, 655 F.Supp.2d 1136 (S.D. Cal. 2009); *see also Moore v. Cisneros*, 2012 WL 639500, at *5 (E.D. Cal. Feb. 27, 2012) ("the fact that a large sum of money is at stake is a factor disfavoring default judgment"). However, this Court also determined that when statutes identify the amount of damages that may be awarded and contemplate such awards, this factor does not weigh against default judgment. *United States EEOC v. Zoria Farms, Inc.,* 2016 WL 8677142 at *9 (E.D. Cal. May 13, 2016) (noting that even when there is a substantial amount of money, if the amount requested "is not greater than that provided by statute…[t]his factor does not weigh against entry of default judgment). Accordingly, the Court finds this factor does not weigh against Plaintiffs' request for default judgment.

///

---

[3] In the memorandum of points and authorities in support of default judgment, Plaintiffs assert they "sent a certified letter on November 13, 2015 to the LWDA and Defendant Leonardo Brothers"—which would have occurred after the filing of the complaint. (Doc. 74 at 12) However, Plaintiffs have not identified any evidence to support this assertion that the notice was submitted, either in declaratory form or a request for judicial notice. As such, the Court is unable to determine whether the contents were sufficient to give notice to the LWDA and Leonardo Bros. of the claims previously presented in the complaint filed in September 2015.

12

### D. Possibility of dispute concerning material facts

There is little possibility of dispute concerning material facts because (1) based on the entry of default, the Court accepts factual allegations in Plaintiffs' Complaint as true and (2) though properly served, Defendant Leonardo Bros. failed to appear and defend. *See Pepsico, Inc.*, 238 F.Supp.2d at 1177; *see also Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"). Therefore, this factor does not weigh against default judgment.

### E. Whether default was due to excusable neglect

Generally, the Court will consider whether a defendant's actions, such as a failure to file an answer, is due to excusable neglect. *See Eitel*, 782 F.2d at 1472. Here, Leonardo Bros. was served with the summons and complaint on January 4, 2016. (Doc. 5; Doc. 21-1 at 2, ¶ 2) Thus, it is unlikely the failure to respond was the result of excusable neglect. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants "were properly served with the Complaint, the notice of entry of default") Accordingly, this factor does not weigh against default judgment.

### F. Policy disfavoring default judgment

As noted above, default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Here, however, the policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits does not weigh against default judgment because the defendant's failure to appear makes a decision on the merits impractical.

## V. Relief Requested

Based upon the foregoing, Plaintiffs have stated a claim for failure to provide rest breaks in violation of Cal. Labor Code § 226.7, and the *Eitel* factors weigh in favor of granting default judgment. Therefore, the Court turns to the relief requested related to this claim and the evidence presented by Pliantiffs related to the damages. *See Pope*, 323 U.S. at 22 (allegations regarding the amount of damages must be proven); *see also Pope v. United States*, 323 U.S. 1, 22 (1944); *DR JKL Ltd. v. HPC IT Educ. Ctr.,* 749 F. Supp. 2d 1038, 1051 (N.D. Cal. 2010) ("Upon entry of default, all well-pleaded

facts in the complaint are taken as true, except those relating to damages").

When an employer fails to provide a required rest break, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Labor Code § 226.7(c). Thus, Plaintiffs must present evidence related to the number of days that Class Members were not provided a rest period by Leonardo Bros.

Plaintiffs retained Aaron Woolfson as an expert to "analyze time keeping and payroll data produced by defendants." (Doc. 69-5 at 2, Woolfson Decl. ¶ 1) Mr. Woolfson reports that he received information from Golden West's program, which he used to create the timekeeping and payroll data before the Court. (*Id.* at 6, ¶ 16(a); *see also id.* at 6-11) Mr. Woolfson reports: "For purposes of Plaintiffs' filing I have limited my analysis to a precise identification of class member piece rate work-shifts of greater than 3.5 hours in which no separate compensation for rest breaks and no rest break premiums are present." (*Id.* at 11, ¶ 22) In doing so, Mr. Wooflson determined there were "thirteen such shifts affecting the named plaintiff(s)," including six shifts for Agustin Vega and seven shifts for Sandra Garybo. (*Id.*, ¶ 23) Mr. Woolfson then "applied a one hour wage premium pursuant to the requirements under California Labor Code §226.7," using the minimum wage during the period in question, and determined the amount of premiums owed to Ms. Garybo and Mr. Vega totaled $151.35 plus interest. (*Id.* at 11-12, ¶¶ 24-25)

Plaintiffs also assert that "[a]nalysis of the electronic and payroll timekeeping data reflect that there were 10,134 shifts greater than 3.5 hours in which no separate compensation for rest breaks or rest break premiums were paid. (Doc. 74 at 9, citing Woolfson Decl. ¶ 23) Plaintiffs report Mr. Woolfson "applied a one-hour wage premium at the minimum wage (since there was no hourly rate) to determine the amount of damages owed and applied interest pursuant to Labor Code section 218.6 for a total of $123,333.54 for 446 workers." (*Id.*, citing Woolfson Decl.,Doc. 69-5, ¶ 23; Ex. L to Woolfson Decl., Doc. 69-18) Significantly, however, Mr. Woolfson did not provide any information in his declaration regarding the Class Member data. Paragraph 23 of the declaration, to which Plaintiffs refer, only addresses the data related to the shifts worked by Mr. Vega and Ms. Garybo. (*See* Doc. 69-5 at 11, ¶ 23) Further, Mr. Woolfson makes no mention of his findings related to the total number of shifts

worked by class members where he found no separate compensation for rest breaks or rest break premiums. Mr. Woolfson also failed to authenticate Exhibit L in his declaration, or explain the findings presented in the table. (*See generally* Doc. 69-5) Thus, there is no admissible evidence before the Court related to the damages owed to Class Members for violations of Cal. Labor Code § 226.7.

Finally, the Court notes that the evidence presented—even if admissible—appears flawed as to both Plaintiffs and Class Members, because Mr. Woolfson indicated he based the calculations on the number of shifts worked. (*See* Doc. 69-5 at 22) However, Cal. Labor Code § 226.7(b) permits only one recovery *per workday*, not per shift violation. *United Parcel Service Wage & Hour Cases*, 196 Cal. App. 4th 57, 69 (2011) (holding employees are permitted only one premium per day "for failure to provide one or more rest periods"); *Sadler v. Ensignal, Inc.*, 2017 WL 2333528 at *5 (E.D. Cal. May 26, 2017) ("section 226.7 provides that an employee shall receive one additional hour of pay at the employee's regular rate of pay for each **workday** that the meal or rest period is not provided") (emphasis in original) Thus, the proper evidence before the Court would address the number of days each Plaintiff and Class Member went without a rest break, rather than the number of shifts. Consequently, the Court finds Plaintiffs failed to present proper evidence related to the calculation of damages under Cal. Labor Code § 226.7, and recommends the motion be **DENIED** without prejudice.

## VI.     Findings and Recommendations

The *Eitel* factors weigh in favor of granting default judgment, and the entry of default judgment is within the discretion of the Court. *See Aldabe*, 616 F.2d at 1092. The Court notes that following the filing of the motion, California courts clearly distinguished between wages and penalties, and whether plaintiffs were able to state certain derivative claims based on the failure to pay rest period premiums. Further, Plaintiffs' motion suffers from pleading and evidentiary failures related to their PAGA claim and the calculation of damages. Therefore, the Court **RECOMMENDS**:

1.     Plaintiffs' motion be **DENIED** without prejudice to refiling a new motion for default judgment, within 45 days, which addresses the deficiencies noted here.

**Alternatively, within five days, Plaintiffs may withdraw this motion and notify the Court of the intent to file a new motion for default judgment within 45 days, which will address the**

**deficiencies noted here.[4]**

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the date of service of these Findings and Recommendations, Plaintiffs may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __March 2, 2020__         /s/ Jennifer L. Thurston
                                 UNITED STATES MAGISTRATE JUDGE

---

[4] The Court strongly encourages this second option so that the case is not further delayed.